■    PATRICK GOLDEN, Respondent, v GENERAL MOTORS CORPORATION et al., Appellants. (Action No. 1.) RICHARD PORTER, Respondent, v GENERAL MOTORS CORPORATION et al., Appellants. (Action No. 2.) (And Another Related Action.)—Appeals, in Action No. 1, (1) from a judgment of the Supreme Court in favor of plaintiff, entered December 9, 1977 in Albany County, upon a verdict rendered at a Trial Term, and (2) from an order of the same court, entered December 9, 1977 in Albany County, which denied defendants' motions to set aside the verdict, and in Action No. 2, (3) from a judgment of the same court in favor of plaintiff, entered December 1, 1978. The record contains probative evidence adduced by the plaintiffs and apparently accepted by the jury that the steering apparatus on a certain vehicle produced and sold by appellants had a hidden defect which caused injuries to the plaintiffs. The record contains evidence from which the jury might have found that the plaintiff Golden caused the accident by imprudent driving or drinking, but the jury rejected that theory as it had the power to do. The determination of the jury was not against the weight of the evidence. The appellant, General Motors Corporation, contends that the court erred in excluding the offer of certain physical evidence for the purpose of impeaching testimony of the plaintiffs' expert witness. The issue of impeachment was settled by certain responses of the witness on cross-

examination and the evidence was properly excluded. (Richardson, Evidence [10th—Prince ed], § 491). No proper foundation was laid to make the evidence admissible as a refutation of the plaintiffs' case. The trial court, after carefully instructing the jury on the various issues, further advised them as follows: "In addition to a general verdict, that is a general verdict in each of the two lawsuits, you must answer the following questions applying the rules which I have given you to the facts as you found them to be. Now, the questions which you must answer, some of them will be irrelevant depending on how you answer the questions and the instructions are given on the form. The questions to be answered are as follows: First: Was the defendant General Motors Corporation guilty of negligence in the manufacture, assembly or inspection of the Golden vehicle, which negligence was a proximate cause of the happening of this accident? Second: Was the steering gear of the Golden vehicle defective? Three: Was the steering gear of the Golden vehicle defective when it left General Motors' factory? Fourth: Was the steering gear of the Golden vehicle defective when the vehicle was delivered to the purchaser by W.H. Bumstead, Inc.? Five: Was the defect which you found existed in the steering gear of the Golden vehicle a proximate cause of the happening of this accident? Sixth: Was Patrick Golden guilty of negligence in the operation of his motor vehicle, which negligence was a proximate cause of the happening of this accident? Seventh: Was plaintiff Richard Porter guilty of negligence which was a proximate cause of the happening of this accident? The answer to any question may be made by the concurrence of five of the six of you, but the same five persons need not concur on all of the answers." We find no errors of fact or law which would suffice to require a new trial in this case on the issue of liability. The appellant, General Motors Corporation, also contends that the verdict of $500,000 in favor of the plaintiff, Golden, was excessive; however, his injuries, treatment and pain and suffering were of such a nature as to not render the award of damages shocking. Judgments and order affirmed, with one bill of costs to plaintiffs against General Motors Corporation. Greenblott, J. P., Sweeney, Staley, Jr., Mikoll and Herlihy, JJ., concur.